UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE L. WILSON,<br>　　　　Plaintiff,<br>　　v.<br>FEDERAL BUREAU OF PRISONS, et al.,<br>　　　　Defendants. | Case No. 25-cv-05039-TLT<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 9 |

Plaintiff Monte Wilson seeks relief from FCI Dublin's eviction of Plaintiff's modular home from the federal government's land. Because Plaintiff's claims all stem from his rental agreement with the federal government, the Court lacks jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491.

Pending before the Court is Plaintiff's motion for a temporary restraining order and preliminary injunction. ECF 9. Defendants filed a timely opposition on August 5, 2025. ECF 15. Plaintiff filed a timely reply on August 11, 2025. ECF 16. In its discretion, the Court determines that the motion is suitable for decision without oral argument. *See* Civil L.R. 7-1(b).

Having considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court DENIES the motion for temporary restraining order and preliminary injunction and DISMISSES the case for lack of jurisdiction.

## I.　BACKGROUND

Plaintiff is an employee of the Federal Bureau of Prisons ("BOP") and owns a modular home, with a conventional mortgage and title, that is located on FCI Dublin's federal land. ECF 12 at 5; 15-1 at ¶ 3. After FCI Dublin closed, the BOP told Plaintiff to move his modular home within thirty days or within fourteen days if Plaintiff terminates employment. ECF 12 at 5. FCI

1    Dublin also sent Plaintiff an eviction notice informing Plaintiff that Plaintiff will be forcibly removed and denied access to Plaintiff's private property. *Id*. Plaintiff is in compliance with his rental agreement. *Id*. Acting Warden Charles Hubbard also advised that if a modular home remained past "ninety days 9/3/2025," the agency would demolish it and bill the homeowner. *Id*.

Plaintiff requests the Court stay the BOP's termination of employee housing scheduled for September 5, 2025, order the Federal Bureau of Prisons to continue to provide all utility services to staff housing pending adjudication of the instant matter, and $250,000 in damages for Plaintiffs' modular home and relocation expenses. *Id*. at 6.

On June 13, 2025, Plaintiff filed a complaint and request for injunction against the BOP. ECF 1. On July 18, 2025, Plaintiff filed a motion for temporary restraining order and preliminary injunction. ECF 9. On July 25, 2025, Plaintiff filed an amended complaint against Defendants BOP and Warden FCI Dublin, Charles Hubbard, alleging violation of the Fifth Amendment Takings, conversion, and negligence. ECF 12 at 3. On August 5, 2025, Defendants filed an opposition. ECF 15. On August 11, 2025, Plaintiff filed a reply. ECF 16.

## II. LEGAL STANDARD

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co*., 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc*., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A preliminary injunction is an "extraordinary and drastic remedy," that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted).

Whether seeking a temporary restraining order or a preliminary injunction, a plaintiff must establish four factors: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council Inc*., 555 U.S. 7, 20 (2008). Plaintiff carries the burden of establishing the Winter factors. *Id*.

## III. DISCUSSION

Defendants argue that the Court lacks jurisdiction because the United States Court of

Federal Claims has exclusive jurisdiction over any claim against the United States that seeks damages in excess of $10,000 and is based on the Constitution, a statute, a regulation, or an express or implied-in-fact contract. ECF 15 at 7–8. Plaintiff argues that the Court has jurisdiction because he does not seek monetary damages, but equitable relief to prevent an unconstitutional taking of his modular home. ECF 16 at 5.

"The Tucker Act provides for exclusive jurisdiction in the Court of Federal Claims over actions based upon 'any express or implied contract with the United States' exceeding $10,000.'" *San Francisco A.I.D.S. Found. v. Trump*, No. 25-cv-1824, 2025 WL 1621636, at *11 (N.D. Cal. Jun. 9, 2025) (quoting 28 U.S.C. § 1491(a))." "[A]n action triggers the Tucker Act's jurisdictional hook only when the claim is 'at its essence' a contract claim." *San Francisco A.I.D.S. Found.*, 2025 WL 1621636, at *11 (quoting *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982)); *see also N. Star Alaska v. United States,* 14 F.3d 36, 37 (9th Cir. 1994) ("If a plaintiff's claim is concerned solely with rights created within the contractual relationship and has nothing to do with duties arising independently of the contract . . . the claim is founded . . . upon a contract . . . with the United States and is therefore within the Tucker Act and subject to its restrictions on relief.") (cleaned up).

Here, Plaintiffs' Fifth Amendment Takings, conversion, and negligence all stem from his rental agreement with FCI Dublin. ECF 12 at 5. Indeed, Plaintiff alleges that he has a rental agreement with FCI Dublin and concedes that his "motion addresses only whether Defendants may destroy Plaintiff's home without just compensation." ECF 16 at 10. Plaintiffs' claims are thus contractually-based and stem from his rights under rental agreement with FCI Dublin. *See Am. Ground Transp., Inc. v. United States Marine Corps. Cmty. Servs.*, No. 19-cv-539, 2019 WL 5191678, at *4 (S.D. Cal. Oct. 15, 2019) ("The gravamen of Plaintiffs' claims . . . pertain to [their] Contract with the United States, and therefore jurisdiction exists exclusively with the [Court of Federal Claims] pursuant to the [Contract Disputes Act], or alternatively, the Tucker Act."); *Tucson Airport Auth. v. General Dynamics Corp.*, 136 F.3d 641, 648 (9th Cir. 1998) ("[T]he Tucker Act prevents constitutional claims that are dependent on rights under a government contract from being brought in the district court."); *cf. Bregan v. John Stewart Co.*, No. 23-cv-

3

1823, 2024 WL 695400, at *7 (N.D. Cal. Feb. 19, 2024) ("A lease is, of course, a contract.").

Moreover, both the United States Supreme Court and Ninth Circuit have recognized the Court of Federal Claims' jurisdiction over Fifth Amendment Takings cases. *See Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180, 189–90 (2019) ("We have long recognized that property owners may bring Fifth Amendment claims against the Federal Government as soon as their property has been taken. The Tucker Act . . . gives the Court of Federal Claims jurisdiction to 'render judgment upon any claim against the United States founded either upon the Constitution' or any federal law or contract for damages 'in cases not sounding in tort.'") (internal citations omitted); *Horne v. Dep't. of Agriculture*, 576 U.S. 350, 367 (2015) ("The Government correctly points out that a taking does not violate the Fifth Amendment unless there is no just compensation, and argues that the Hornes are free to seek compensation for any taking by bringing a damages action under the Tucker Act in the Court of Federal Claims."); *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1127 (9th Cir. 2019) ("DaVinci could proceed in the Court of Federal Claims under the Tucker Act through a takings claim under the Fifth Amendment.").

Accordingly, the Court lacks jurisdiction to grant Plaintiff's motion for temporary restraining order and preliminary injunction.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for temporary restraining order and preliminary injunction. Because the Court lacks jurisdiction over Plaintiff's claims, the Court **DISMISSES** Plaintiffs' claims with leave to amend and file in the Court of Federal Claims.

This Order resolves ECF 9.

IT IS SO ORDERED.

Dated: August 13, 2025

TRINA L. THOMPSON
United States District Judge