MONTE L. WILSON
Pro Se Plaintiff
6700 Goodfellow Ave. #6
Dublin, CA 94568
Telephone: (415) 926-2994
Email: wilson0975@yahoo.com
Plaintiff In Propria Persona

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

--------------------------------------------------------
MONTE L. WILSON, )
) Case No. 3:25-cv-05039-TLT
Plaintiff, )
) PLAINTIFF'S MOTION FOR
v. ) RECONSIDERATION OF ORDER
) DENYING TEMPORARY
FEDERAL BUREAU OF PRISONS; ) RESTRAINING ORDER
CHARLES HUBBARD, WARDEN FCI DUBLIN, )
) Judge: Hon. Trina L. Thompson
Defendants. )
--------------------------------------------------------

# NOTICE OF MOTION AND MOTION FOR RECONSIDERATION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on [date to be set by the Court], at 11:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9, 19th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, Plaintiff MONTE L. WILSON will and hereby does move the Court for reconsideration of its Order denying Plaintiff's Motion for Temporary Restraining Order.

This motion is brought pursuant to Civil Local Rule 7-9 and is based on the following grounds:
1. The termination letter was defective and delayed: dated May 30, 2025 but not left at Plaintiff's residence until June 6, 2025, and contrary to Defendants' representation, it was never served by certified mail or email.
2. Plaintiff was deprived of due process by not receiving proper and timely notice, making compliance with the government's deadline practically impossible.
3. Plaintiff seeks only narrowly tailored relief: a short extension of not less than 30 days to vacate, or such period as the Court deems just and equitable.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, Exhibit A, the Court's files and records in this case, and such other matters as may properly be presented at the hearing.

Dated: August 18, 2025

Respectfully submitted,

/s/ Monte L. Wilson
Monte L. Wilson
Pro Se Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff respectfully moves for reconsideration of the Court's denial of a Temporary Restraining Order. Plaintiff does not seek to prevent the government from closing staff housing or to indefinitely delay removal. Rather, Plaintiff seeks only a short extension of 30 days to vacate, to preserve constitutional due process and avoid irreparable harm.

## II. BASIS FOR RECONSIDERATION

Reconsideration is warranted under Civil Local Rule 7-9(b) because material facts were not presented to the Court in Plaintiff's initial motion:

1. Defective and Delayed Service of Termination Letter.
The government represented that notice of termination would be provided by certified mail and email. Neither occurred. Instead, a letter dated May 30, 2025 was left on Plaintiff's doorstep on June 6, 2025, already one week late. The letter itself stated that certified service "would follow." It never did. (See Exhibit A). This delay and failure to use promised service methods deprived Plaintiff of meaningful and timely notice.

2. Due Process Violation.
Adequate notice is a constitutional prerequisite to depriving an individual of property. By failing to provide certified and electronic service, and by delivering a week-old letter by leaving it on Plaintiff's doorstep, Defendants denied Plaintiff notice "reasonably calculated" to apprise him of the action, contrary to Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950), and Armstrong v. Manzo, 380 U.S. 545, 550 (1965).

3. Pro Se Omission.
As a pro se litigant, Plaintiff did not fully raise this service defect in the initial motion because Plaintiff was unaware of its legal significance until after the Court's order. This omission was not intentional, but the result of lack of counsel.

4. Narrow Relief Requested.
Plaintiff no longer seeks to stop the government's actions outright, but only requests a short, 30-day extension to vacate, so that due process is preserved and irreparable harm avoided.

## III. ARGUMENT

A. Due Process Requires Proper and Timely Notice
The Supreme Court has long held that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties" of impending action. Mullane, 339 U.S. at 314. Leaving a week-old letter on Plaintiff's doorstep, while promising certified and electronic service that never occurred, does not meet this standard. See also Mathews v. Eldridge, 424 U.S. 319 (1976). Due process was plainly violated.

B. Compliance Is Impossible Without Additional Time
Even if Plaintiff attempted immediate compliance, relocation cannot be accomplished within the

imposed deadline. No mobile home spaces exist within 100 miles. California law requires permits and inspections before placement, which take weeks. Plaintiff's mortgage requires prior approval of a licensed mover, and moving without approval would trigger loan default. Without more time, compliance is impossible.

C. Balance of Equities Strongly Favors Plaintiff
Plaintiff faces irreparable harm — foreclosure, homelessness, and loss of a mortgaged home. Plaintiff is not refusing to vacate, but only seeks a brief extension to do so lawfully. Defendants face no prejudice from this short delay: the unit is outside the secure perimeter, and a 30-day extension will not affect prison operations.

D. Reconsideration Prevents Manifest Injustice
The Court did not have the opportunity to consider the defective and delayed notice, or the practical impossibility of compliance. Denying reconsideration would allow eviction without constitutionally adequate notice and without any realistic means of compliance. Reconsideration is necessary to prevent manifest injustice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its prior order and grant a narrowly tailored injunction extending Plaintiff's deadline to vacate by 30 days, or such further period as the Court deems just and equitable, to ensure due process and fairness.

Dated: August 18, 2025

Respectfully submitted,

/s/ Monte L. Wilson
Monte L. Wilson
Pro Se Plaintiff

## [PROPOSED] ORDER

Plaintiff's Motion for Reconsideration is GRANTED. Plaintiff shall have a reasonable extension of 30 days, or such other period as the Court deems just and equitable, to vacate the premises at 6700 Goodfellow Ave., Dublin, California.

IT IS SO ORDERED.

Dated: _____, 2025

_____
Hon. Trina L. Thompson
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2025, I filed the foregoing PLAINTIFF'S MOTION FOR RECONSIDERATION with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

Dated: August 18, 2025

/s/ Monte L. Wilson
Monte L. Wilson
Pro Se Plaintiff